## John D. Arbonneaux v. Jean Baptiste Letorey.

A physician's bill is prescribed by three years. C. C. 3503.

Prescription may be pleaded in every stage of the case before final judgment, and even on appeal; but it must be pleaded expressly and specially. C. C. 3427. The court cannot supply such a plea, where the party, in whose favor it exists, has not thought proper to take advantage of it. C. C. 3426.

Plaintiff having sued for the amount of a bill, for services, as a physician, rendered by him to defendant; the latter pleaded in compensation a note, for a larger amount, drawn by plaintiff to his order, held by him, and not prescribed at the date of the services rendered : *Held*, that plaintiff's claim was extinguished by compensation.

Appeal from the District Court of Ascension, *Nicholls*, J.

*Connely*, for the plaintiff.

*J. C. Beatty*, for the appellant.

Morphy, J.　This suit, which is a claim for medical services rendered to the defendant, a planter of the parish of Ascension, was instituted on the 13th of May, 1841.　The petition charges, that at the special instance and request of Jean Baptiste Letorey, the plaintiff, throughout the year 1837, attended on his plantation, and furnished medicines, &c., and that his services were reasonably worth two hundred and fifty dollars; that, during the year 1838, he attended the plantation, and that his attendance was reasonably worth $81 50; that during the latter part of 1839, and the beginning of 1840, he attended the same plantation, and that Letorey specially agreed to pay for such attendance the sum of one hundred and forty dollars; and, that during this last year he furnished medicines to the amount of $33; that at the special order of Letorey, the plaintiff attended on the plantation of Madame Conand, near Donaldsonville; and that the services there rendered, were worth $52.　The petition further claims $41 for the special treatment, by the plaintiff, of two slaves belonging to the defendant, and charges that all the above services were well worth the prices affixed to them, amounting to $597 50, for which it concludes by praying for a judgment against the defendant. The answer, after pleading the general issue, sets up in compensation, a sum of $300 47, being the amount of a promissory note, drawn by the plaintiff to the order of the defendant, which became due in March, 1834, and a further sum of $24, for corn furnished

Arbonneaux v. Letorey.

to the plaintiff, in 1837. The case was tried by a jury, who gave the plaintiff a verdict for $273. This verdict was, on motion, set aside, and a new trial granted; whereupon, the defendant, with leave of the court, filed the plea of prescription of three years against the plaintiff's claim. The case was then submitted to a second jury, who brought in a verdict for $273 50 for the plaintiff. After an ineffectual attempt to obtain another new trial, the defendant appealed.

Whatever may be our respect for the verdicts of juries in general, we cannot sanction that given in the present instance. It seems to have been rendered without any regard to the evidence or pleadings in the case, and by merely deducting from the claim of the plaintiff, the amount pleaded in compensation by the defendant. Even were both claims fully made out, such a process would not be justified by the pleadings. The prescription of three years, set up by the defendant, at once excludes all that portion of the petitioner's claim which relates to services rendered previous to the 13th of May, 1838, leaving a balance which would be more than compensated by the defendant's claim, against which no prescription has been pleaded, either below, or in this court. Prescription may be pleaded in every stage of a cause, even on the appeal ; but it must be pleaded, expressly and specially, before the final judgment; and the court cannot supply such a plea, when the party, in whose favor it exists, has not thought proper to take advantage of it. Civil Code, art. 3426, 3427. But, perhaps it may be said, that as replications are not allowed, under the practice of our courts of original jurisdiction, all the matters or claims set up in an answer, are open to every objection of law and fact, such as violence, fraud, prescription, and the like, in the same manner as if such exceptions had been specially pleaded. Admitting this to be true, and considering the plaintiff as having, in his turn, pleaded the prescription of five years, he would be in no way benefitted by such a plea. The only portion of his claim which is, in any way, supported by evidence of a satisfactory character, is that for the year 1837, which includes the charges made for the two slaves, the whole amounting to $291. This sum, which falls within the prescription of three years, is, moreover, compensated by the amount of the plaintiff's note, which

became prescribed only on the 1st of March, 1839. The balance of the plaintiff's demand is entirely unsupported by proof.    He has not established the existence of any agreement with the defendant, for the year 1839; nor has he shown the extent or value of his services to the defendant.    As to those rendered on the plantation of Madame Conand, there is no evidence that they were ordered by the defendant, except as the known agent of that lady, whose debts he never assumed to pay.

It is, therefore, ordered that the judgment of the District Court be reversed, and that ours be for the defendant, with costs in both courts.